02-11-476 & 477-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00477-CR

 

 


 
 
 Freddie
 Lee Pendley
  
  
  
 v.
  
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 371st District
 Court
  
 of
 Tarrant County (0623360D)
  
 January
 17, 2013
  
 Per
 Curiam
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s order.  It is ordered that the order of the trial
court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS

 

 

 

PER CURIAM

 

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00476-CR

NO. 02-11-00477-CR

 

 


 
 
 Freddie Lee Pendley
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 371st
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Freddie Lee Pendley was convicted in 1998 of capital murder and attempted
capital murder, and this court affirmed his convictions.  See Pendley v.
State, Nos. 02-98-00540-CR, 02-98-00541-CR (Tex. App.—Fort Worth Jan. 6,
2000, pet. ref’d) (not designated for publication).  In April 2010, Appellant
filed a motion for post conviction DNA testing in the trial court under chapter
64 of the code of criminal procedure.  See Tex. Code Crim. Proc. Ann.
art. 64.01 (West Supp. 2012).  The trial court denied the motion by written
order dated September 29, 2011.  These appeals followed.

          Appellant’s
court-appointed appellate counsel has filed a motion to withdraw as counsel and
a brief in support of that motion.  In the brief, counsel avers that, in his
professional opinion, these appeals are frivolous.  Counsel’s brief and motion
meet the requirements of Anders v. California, 386 U.S. 738, 87
S. Ct. 1396 (1967), by presenting a professional evaluation of the record
and demonstrating why there are no arguable grounds for appeal.  See
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v.
State, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.).  This
court gave Appellant the opportunity to file a brief on his own behalf, and Appellant
filed a pro se brief raising three issues.  The State also filed a brief.

          Once
an appellant’s court-appointed counsel files a motion to withdraw on the ground
that the appeal is frivolous and fulfills the requirements of Anders, we
are obligated to undertake an independent examination of the record to see if
there is any arguable ground that may be raised on his behalf.  See Stafford,
813 S.W.2d at 511; Mays, 904 S.W.2d at 923.  Only then may we grant
counsel’s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82–83,
109 S. Ct. 346, 351 (1988).

          We
have carefully reviewed the record and the briefs filed by Appellant, his counsel,
and the State.  We agree with counsel that these appeals are wholly frivolous
and without merit; we find nothing in the record that arguably might support
any appeal.  See Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App.
2005); see also Garner v. State, 300 S.W.3d 763, 767 (Tex. Crim. App.
2009).  Accordingly, we grant the motion to withdraw and affirm the trial court’s
orders denying DNA testing.

 

 

PER CURIAM

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 17, 2013








 









[1]See Tex. R. App. P. 47.4.